**Opinion issued August 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00152-CV

_____

## IN THE INTEREST OF C.S. AND T.L., CHILDREN

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-00494J**

---

### MEMORANDUM OPINION

This is an accelerated appeal of a February 2, 2016 judgment terminating the parents' parental rights to their young sons, C.S. and T.L. The father wished to pursue an appeal, and the trial court appointed counsel to prosecute the appeal. The father's court-appointed appellate counsel has filed a motion to withdraw along with a brief stating his professional opinion that the appeal is without merit and that there

are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). We have reviewed the record and, having found no reversible error, we affirm the trial court's judgment but deny counsel's motion to withdraw. *See In re P.M.*, No. 15–0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016); *In re A.M.*, No. 01-16-00130-CV, 2016 WL 4055030, at *6 (Tex. App.—Houston [1st Dist.] July 28, 2016, no. pet. h.).

*Anders* procedures are appropriate in parental-rights termination cases. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id.* Here, counsel has certified that he delivered a copy of the brief to the father and informed him of his right to examine the appellate record and to file a response. *See Schulman*, 252 S.W.3d at 408.

The brief submitted by the father's appointed appellate counsel states his professional opinion that no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. Counsel's brief meets the minimum *Anders* requirements by presenting a

2

professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id*. at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 409 n.23. This Court notified the father of his right to review the record and to file a pro se response. The father did not file a response.

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Johnson v. Dep't of Family & Protective Servs.*, No. 01-08-00749-CV, 2010 WL 5186806, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.); *see In re K.D.*, 127 S.W.3d at 67; *In re D.E.S.*, 135 S.W.3d 326, 330 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Thus, our role in this appeal is to determine whether arguable grounds for appeal exist. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw. *See id.* Then, the trial court appoints another attorney to present all arguable grounds for appeal. *See id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

On the other hand, if our independent review of the record leads us to conclude that the appeal is wholly frivolous, we may affirm the trial court's

judgment by issuing an opinion in which we explain that we have reviewed the record and find no reversible error. *See id.* Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). The appellant may challenge the holding that there are no arguable grounds for appeal by petitioning for review in the Supreme Court of Texas. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Following *Anders*, we have reviewed the record and counsel's *Anders* brief. We conclude that no reversible error exists. Consequently, we affirm the judgment of the trial court and deny counsel's motion to withdraw. *See In re P.M.*, 2016 WL 1274748, at *3; *In re A.M.*, 2016 WL 4055030, at *6. Counsel's duty to his client extends through the exhaustion or waiver of "all appeals." TEX. FAM. CODE § 107.016(2)(B). If the father wishes to pursue an appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 2016 WL 1274748, at *3.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Massengale.